UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA ANDREN, SIDNEY BLUDMAN, VIRGINIA CIOFFI, BERNARD FALK, JEANETTE KERZNER-GREEN, CAROL MONTALBANO, and DONALD RIGOT, individually, and on behalf of other members of the general public similarly situated, ,<br><br>        Plaintiff,<br><br>v.<br><br>ALERE, INC., a Delaware corporation, ALERE HOME MONITORING, INC., a Delaware corportation, ALERE SAN DIEGO, INCA., a Delaware corporation,,<br><br>        Defendant. | Case No.: 16cv1255-GPC(AGS)<br><br>**ORDER SETTING SUPPLEMENTAL BRIEFING SCHEDULE** |

  On September 22, 2017, the Court held a hearing on Plaintiffs' motion for class certification. (Dkt. No. 122.) One key issue is the adequacy of Plaintiffs to represent the class based on their pursuit of economic damages and not personal injury damages. Defendant claims they are improperly claim-splitting while Plaintiffs disagree. If claims are split, there is a question as to the res judicata/collateral estoppel effect of a determination in this case on personal injury claims should a class member seek personal

injury damages in future litigation. The parties' briefing does not adequately address the complexities and intricacies of this issue. At the hearing, the parties, without any legal support, offered their views on this question. Consequently, the Court finds that further briefing is required.

"Claim splitting is generally prohibited by the doctrine of res judicata . . . [and] class certification should be denied on the basis that class representatives are inadequate when they opt to pursue certain claims on a class-wide basis while jeopardizing the class members' ability to subsequently pursue other claims." In re Conseco Life Ins. Co. Life Trend Ins. Sales and Marketing Litig., 270 F.R.D. 521, 531 (N.D. Cal. 2010) (quoting In re Universal Serv. Fund Tel. Billing Prac. Litig., 219 F.R.D. 661, 668 (D. Kan. 2004) ("This is not a case where the class representatives are pursuing relatively insignificant claims while jeopardizing the ability of class members to pursue far more substantial, meaningful claims. Rather, here the named plaintiffs simply decided to pursue certain claims while abandoning a fraud claim that probably was not certifiable.")): Kruger v. Wyeth, Inc., No. 03cv2496-JLS(AJB), 2008 WL 481956, at *3 (S.D. Cal. Feb. 19, 2008) (denying class certification based on adequacy for claims brought under California's CLRA and UCL since class was open to those who suffered personal injuries but the plaintiff was not seeking to pursue personal injury damages"); Feinstein v. Firestone Tire & Rubber Co., 535 F. Supp. 595, 606-07 (S.D.N.Y. 1982) (denying class certification on, *inter alia,* adequacy grounds where named plaintiffs asserted claims for breach of an implied warranty of merchantability but did not seek damages for death, personal injury and accident–related property damages); but see Kennedy v. Jackson Nat'l Life Ins. Co., No. 07–0371 CW, 2010 WL 2524360, at *5 (N.D. Cal. June 23, 2010) ("Defendant cannot claim that Plaintiff is inadequate because she declines to assert a theory that could unravel the putative class.").

The Ninth Circuit has not yet considered claim-splitting on a motion for class certification. In a recent case, the Fifth Circuit addressed claim splitting in a class action case and provided factors that this Court finds relevant. See Slade v. Progressive Sec.

Ins. Co., 856 F.3d 408, 413 (5th Cir. 2017). "[D]eciding whether a class representative's decision to forego certain claims defeats adequacy requires an inquiry into, at least: (1) the risk that unnamed class members will forfeit their right to pursue the waived claim in future litigation, (2) the value of the waived claim, and (3) the strategic value of the waiver, which can include the value of proceeding as a class (if the waiver is key to certification). Id.

The Court directs the parties to provide additional briefing on the issue of claim-splitting and to address the factors raised by the Fifth Circuit with legal authority and evidentiary support. Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a supplemental brief, no longer than 10 pages, on or before **October 13, 2017**. Defendant shall file a supplemental responsive brief, no longer than 10 pages, on or before **October 20, 2017**.

IT IS SO ORDERED.

Dated: September 28, 2017

Hon. Gonzalo P. Curiel
United States District Judge